IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-545-MJR |
| ) | |
| PATRICIA THOMPSON, J. BROWN, ) | |
| ANDREW WILSON, SCOTT MINH, ) | |
| EUGENE McADORY, MAJOR RAMOS, ) | |
| CHARLES HINSLEY, MELODY FORD, ) | |
| ROGER WALKER and UNKNOWN ) | |
| PARTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the amended complaint (Doc. 12) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The events giving rise to this action are clearly stated: in December 2003, another inmate died in his cell.  Plaintiff believed this death was deliberately caused by I.D.O.C. officials at Menard; he postulates that the inmate was drugged and then allowed to freeze to death.  He was "so incensed" by this situation that he filed a request to see the deceased inmate's medical records regarding the death.  Not only was his request denied, but he received a disciplinary ticket for violating a rule that prohibits possession or solicitation of unauthorized personal information regarding another inmate;[1] that disciplinary proceeding resulted in a punishment of 90 days in segregation, loss of commissary privilege, and reduction to C-grade.  Plaintiff claims that he should not have received a ticket for violating the rule in question, as this new rule had not yet been published to inmates.  Therefore, he alleges that he had no proper notice that his actions were prohibited and thus subject to sanctions through the disciplinary procedures.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner

---

[1] *See* Rule 504.211, summarized in Exhibit C attached to the amended complaint.  According to Exhibit attached to the amended complaint, the orientation manual given to Plaintiff at Menard in August 2003 did not contain this rule, even though the rule was effective May 1, 2003.

as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for 90 days in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).

In Exhibit D, Plaintiff presents a lengthy argument in support of his contention that conditions in *segregation* at Menard impose an atypical and significant hardship compared to life in *general population*. He states that in segregation, he is subjected to the following conditions: (1) cell size difference, (2) religious access/freedom, (3) visiting procedures and telephone, (4) opportunity for exercise and out-of-cell activity, (5) commissary restrictions, (6) access to both general and legal libraries, (7) access to radio and television, (8) access to his legal property, (9) meal procedures, (10) staff behavior, and (11) showers and other hygiene needs.

The Seventh Circuit has previously addressed virtually identical arguments on several occasions, and the Circuit has consistently found that such conditions do not impose an atypical and significant hardship upon an inmate within the I.D.O.C. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 610-13 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997); *Williams v. Ramos*, 71 F.3d 1246, 1249 (7th Cir. 1995);

*Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995).  The reasoning behind these decisions is simple:

> [U]nder *Sandin* the key comparison is between *disciplinary* segregation and *nondisciplinary* segregation rather than between disciplinary segregation and the general prison population.

*Lekas*, 405 F.3d at 609 (quoting *Wagner*, 128 F.3d at 1175, emphasis added).  It is clear from these opinions that the conditions complained of in the instant case do not rise to the level of an atypical and significant hardship, and therefore Plaintiff has not stated a viable claim regarding deprivation of a protected liberty interest.

In summary, Plaintiff's amended complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 14th day of December, 2005.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**